UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS LOPEZ-VELAZQUEZ, <br><br> Petitioner, <br><br> v. <br><br> JEH JOHNSON, et al., <br><br> Respondents. | Case No. 16-cv-01226-EMC <br><br> **ORDER GRANTING RESPONDENTS' MOTION TO DISMISS; DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER** <br><br> Docket No. 17 |

## I.   INTRODUCTION

On March 11, 2016, Petitioner Juan Carlos Lopez-Velazquez filed a petition for writ of habeas corpus. Docket No. 1 (Habeas Pet.). Lopez-Velazquez is currently detained at Yuba County Jail by United States Immigration and Customs Enforcement (ICE), based on a reinstated order of removal. *Id.* at ¶ 1. Lopez-Velazquez alleges that this order of removal is invalid and void, having been "barred by the doctrine of *res judicata*." *Id.* at ¶ 2. Because Lopez-Velazquez's detention "is to enforce an order that is void, he respectfully requests the Court grant a writ of habeas corpus ordering his immediate release from detention." *Id.* An order to show cause was issued on March 21, 2016. Docket No. 9 (OSC).

In response to the OSC, Respondents filed the instant motion to dismiss. Docket No. 17 (Mot. to Dismiss). Respondents assert that the Court lacks jurisdiction over the petition because Lopez-Velazquez is ultimately challenging the validity of the order of removal, and that the REAL ID Act stripped district courts of habeas jurisdiction over such final orders. *Id.* at 5. Thus, Lopez-Velazquez's petition must be before the Court of Appeals, where he currently has a petition for review pending. *Id.* at 7. Alternatively, Respondents contend that Lopez-Velazquez's petition must be dismissed because he failed to exhaust his administrative remedies. *Id.* at 7 n.2. In turn,

Lopez-Velazquez filed an emergency motion for a temporary restraining order (TRO) after the Ninth Circuit denied his motion to stay his removal on July 19, 2016. Docket No. 24 (TRO Mot.).

On July 28, 2016, Respondents' motion to dismiss and Lopez-Velazquez's TRO motion came on for hearing before the Court. For the reasons stated below, the Court **GRANTS** Respondents' motion to dismiss and **DENIES** Lopez-Velazquez's motion for TRO.

## II.    BACKGROUND

Lopez-Velazquez first entered the United States in March 1999, when he was admitted in H2A status (temporary agricultural worker). Habeas Pet. at ¶ 14. On February 1, 2000, Lopez-Velazquez pled no contest to a charge of delivery of a controlled substance, for which he was sentenced to 10 months imprisonment. *Id.* at ¶ 15. Due to a jailer's error, Lopez-Velazquez was released to the Immigration and Nationality Service (INS) after ten days, and he was thereafter detained and transferred to Arizona. *Id.*

Prior to Lopez-Velazquez's February 2000 conviction, INS issued a Notice to Appear on December 1, 1999. Habeas Pet. Exhs. at 4 (December 1999 Not. to Appear). The Notice to Appear charged that Lopez-Velazquez was an alien present in the United States who had not been admitted or paroled. *Id.* The Notice to Appear was served on Lopez-Velazquez on December 2, 1999. *Id.* at 5. On February 2, 2000, Lopez-Velazquez made a request for a prompt hearing. *Id.* INS subsequently moved the Immigration Judge (IJ) to terminate the removal proceedings, and on March 9, 2000, the Immigration Judge terminated the removal proceedings, finding "no opposition from the parties." Habeas Pet. at ¶ 17; Habeas Pet. Exhs. at 1 (3/9/00 Ord.).[1] INS did not request that the termination be without prejudice, and the March 9, 2000 Order did not state that the termination was without prejudice. *Id.*

On March 8, 2000, INS issued a second Notice to Appear. Habeas Pet. Exhs. at 6 (March 2000 Not. to Appear). This Notice alleged that Lopez-Velazquez was admitted to the United States on a H2A status for a temporary period not to exceed November 2, 1999, but that he had

---

[1] The parties dispute the reason for the termination of the removal proceedings; Lopez-Velazquez contends that he successfully defended against the entry of a removal order, whereas Defendants argue that the proceedings were terminated so that INS could issue a new Notice to Appear, charging him with deportability rather than inadmissibility. Habeas Pet. at ¶ 16; Mot. at 2 fn.1.

remained in the United States beyond November 2, 1999 without authorization from the INS. *Id.* The Notice also stated that Lopez-Velazquez had been convicted of delivery of a controlled substance. *Id.* Thus, it charged that Lopez-Velazquez was removable for: (1) remaining in the United States for a time longer than permitted, per Section 237(a)(1)(B) of the Immigration and Nationality Act (INA); (2) being convicted of an aggravated felony, per Section 237(a)(2)(A)(iii) of the INA; and (3) being convicted of a violation of any law or regulation relating to a controlled substance, per Section 237(a)(2)(B)(i) of the INA. *Id.* During the removal proceedings, Lopez-Velazquez made arguments based on res judicata. Habeas Pet. at ¶ 19. On March 17, 2000, the IJ granted removal based on the three charges, and ordered Lopez-Velazquez removed from the United States. Habeas Pet. Exhs. at 2; Docket No. 17-1 (Respondents' Exhs.), Exh. A.

Lopez-Velazquez was removed pursuant to the IJ's March 17, 2000 Order. Habeas Pet. at ¶ 20. He then re-entered the United States around September 15, 2000. Respondents' Exhs., Exh. B. On September 18, 2000, the March 17, 2000 removal order was reinstated, which Lopez-Velazquez did not contest. *Id.* He was subsequently removed. Respondents' Exhs., Exh. H at 3.

Lopez-Velazquez again re-entered the United States at an unknown time. On January 7, 2016, he was arrested by ICE. Habeas Pet. at ¶ 20. That same day, ICE filed a notice of intent/decision to reinstate the March 17, 2000 removal order. *Id.* at ¶ 21; Respondents' Exhs., Exh. C. ICE did not file a new Notice to Appear asserting any new factual allegations. Habeas Pet. at ¶ 21.

While detained, Lopez-Velazquez asserted a fear of persecution if he was removed, and he was placed in reasonable fear proceedings. On January 13, 2016, an asylum officer determined that Lopez-Velazquez had not established a reasonable fear of persecution. Respondents' Exhs., Exh. D at 3. Lopez-Velazquez requested IJ review, and on January 25, 2016, the IJ affirmed ICE's reasonable fear determination. Habeas Pet. at ¶ 22; Respondents' Exhs., Exh. G. Lopez-Velazquez timely filed a petition for review with the Ninth Circuit, which remains pending before the Ninth Circuit. Habeas Pet. at ¶ 23. In his petition for review, Lopez-Velazquez challenges the validity of the underlying order of removal, on the ground that *res judicata* applies (based on termination of the removal proceedings in 2000). Case No. 16-70231, Docket No. 1-3 (Petition

3

for Review & Mot. for Stay of Removal) at 2-5. A temporary stay of removal was put in effect pending further order.

Lopez-Velazquez then filed the instant petition for a writ of habeas, asserting two causes of action. First, he alleges that his detention violates the INA because the IJ terminated the original removal proceedings in 2000, and thus res judicata barred the subsequent removal proceedings. *Id.* at ¶ 25. Thus, "because the IJ had already ruled in [Lopez-Velazquez]'s favor, he was wholly without any authority to enter the [removal] order. Consequently, [Lopez-Velazquez]'s continued detention pursuant to that order (or a reinstatement of it) is unlawful." *Id.* at ¶ 32. Second, Lopez-Velazquez asserts a violation of his Fifth Amendment due process right, specifically the right to be free of non-criminal detention without adequate justification and sufficient procedural safeguards. *Id.* at ¶ 34. Lopez-Velazquez contends that that the IJ never had authority to enter the removal order, and thus he cannot be held under its authority. His "custody challenge . . . in essence asks the Court to find that he is likely to prevail in his Ninth Circuit appeal because the IJ lacked jurisdiction to enter an order of removal . . . ." *Id.* at ¶ 41.

On July 19, 2016, the Ninth Circuit denied Lopez-Velazquez's motion for stay and supplemental motion for a stay of the removal. Case No. 16-70231, Docket No. 11. Lopez-Velazquez then moved this Court for a TRO enjoining his removal. TRO Mot. at 2. The Court set Lopez-Velazquez's TRO motion for hearing on the same day as Respondents' motion to dismiss. Docket No. 30. Lopez-Velazquez then learned that his deportation was scheduled for July 26, 2016, and filed a second motion for a TRO. Docket No. 31. The Court granted the motion, temporarily enjoining the removal for seven days. Docket No. 33. At the July 28, 2016 hearing on the instant motions, the Court extended the TRO until the date the Court ruled on the motions. Docket No. 34.

### III. DISCUSSION

A. Standard of Review

Rule 12(b)(1) allows for dismissal based on lack of subject matter jurisdiction. "[W]hen subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., LLC*

4

*v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (internal quotation omitted). Further, "[a] jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

B.  Jurisdiction and the REAL ID Act of 2005

"The REAL ID Act expressly eliminated habeas review over all final orders of removal." *V. Singh v. Holder*, 638 F.3d 1196, 1210 (9th Cir. 2011) (internal quotation omitted). It states, in relevant part:

> (5) Exclusive means of review. Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, **a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act**, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added). Further, the INA "contains a 'zipper clause' that consolidates all 'questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien' into a petition for review." *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) (quoting 8 U.S.C. § 1252(b)(9)). The purpose of the REAL ID Act was to "restor[e] judicial review to its former settled forum prior to 1996 by eliminating suits in district courts and funneling review of removal orders directly to the courts of appeal." *V. Singh*, 638 F.3d at 1210 (internal quotation omitted). This had the effect of "abbreviating the process of judicial review by effectively limiting all aliens to one bite of the apple with regard to challenging an order of removal." *Id.* (internal quotation omitted); *cf. Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008) ("the jurisdiction-stripping provisions of the REAL ID Act does not apply to federal habeas corpus petitions that do not involve final orders of removal") (internal quotation and modification omitted).

5

However, "the REAL ID Act was not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal action.'" *V. Singh*, 638 F.3d at 1210 (quoting H.R. Rep. No. 109-72, at 175); *see also A. Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007) (explaining that "[p]ost-REAL ID Act cases considering the applicability of § 1252 have also distinguished between challenges to orders of removal and challenges that arise independently"). The Ninth Circuit has explained that "the distinction between an independent claim and indirect challenge will turn on the substance of the relief that a plaintiff is seeking." *Martinez*, 704 F.3d at 622 (internal quotation omitted). Thus, "[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)." *Id.* at 623; *see also Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1082 (9th Cir. 2010) (finding that challenge to a denial of an application for adjustment of status could not proceed as a habeas petition before the district court because it was ultimately a challenge to an order of removal), *overruled on other grounds by Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012) (en banc).

In the instant case, the Court lacks jurisdiction to hear the instant case because Lopez-Velazquez's habeas claims are "inextricably linked" to the March 17, 2000 removal order. While Lopez-Velazquez argues that his petition is based on the March 9, 2000 order terminating the removal proceedings, he relies on the March 9, 2000 order for res judicata purposes to show that the March 17, 2000 removal order is "void." *See* Habeas Pet. at ¶ 1 (Respondents "lack any authority to remove him [as] Respondents are attempting to remove Mr. Lopez pursuant to a purported order of removal whose entry and enforcement is barred by the doctrine of *res judicata*"). Thus, because "Respondents' sole purpose in detaining Mr. Lopez is to enforce an order that is void, he respectfully requests the Court grant a writ of habeas corpus ordering his immediate release from detention." *Id.* at ¶ 2. Lopez-Velazquez's claims of a violation are based on his argument that the March 17, 2000 removal order are void because of res judicata, and he freely admits that his "custody challenge . . . in essence asks the Court to find that he is likely to prevail in his Ninth Circuit appeal because the IJ lacked jurisdiction to enter an order of removal."

*Id.* at ¶ 41.  In short, whether framed as a challenge based on the termination order or the removal order, Lopez-Velazquez's habeas claims are a direct challenge to his March 2000 removal order being void due to res judicata, a claim that he has also raised in his Ninth Circuit petition.  *See* Case No. 16-70231, Docket No. 1-3 (Petition for Review & Mot. for Stay of Removal) at 4-5 ("The petitioner, who was detained and unrepresented, raised the issue of the prior order of termination during the second removal proceedings.  Nevertheless, the [IJ] refused to address Petitioner's *res judicata* defense and ordered him removed.  The underlying order of removal is void . . . .  He requests that the Court vacate the order reinstating his removal and the underlying unlawfully entered order.").  Thus, the Court lacks jurisdiction to hear the habeas petition because it is ultimately a challenge to the reinstated final order of removal, *see Morales-Izquierdo*, 600 F.3d at 1082 (finding that reinstatement order "qualifies as an order of removal that can only be challenged in a petition for review filed directly with our court").  Per Section 1252(a)(5), "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the *sole and exclusive* means for review of an order of removal . . . ."  (emphasis added).

        However, Lopez-Velazquez argues that even though the legality of his detention is intertwined with the merits of the removal order, he is entitled to relief from this Court.  Opp. at 5-6.  In support, he cites *Flores-Torres* for the proposition that "where a legal prerequisite for detention under the INA happens also to be a legal question necessary for a determination of removability (e.g., alienage), the question may be determined in a habeas challenge to detention."  *Id.* at 7.  In *Flores-Torres*, the petitioner brought a habeas petition challenging his detention on the grounds that he was not an alien, but had become a citizen when his mother was naturalized.  548 F.3d at 709.  The Ninth Circuit found that the REAL ID Act did not deprive the district court of jurisdiction over the case for two reasons.  First, it explained that the REAL ID Act's foreclosure of jurisdiction applied only to "cases in which the petitioner challenges a final order of removal -- an order that is subject to immediate review by an Article III court, either a court of appeals or, if there is a disputed issue of fact regarding citizenship, a district court, by transfer from the court of appeals."  *Id.* at 711 (citing 8 U.S.C. § 1252(b)(5)(B)).  In the petitioner's case, the habeas petition did not "challenge any final order of removal, but challenges his *detention* prior to the issuance of

7

any such order." *Id.* (original emphasis).  The Ninth Circuit rejected the government's argument that the petitioner could not challenge his detention until the removal proceedings concluded and a final order of removal issued, as "[t]his argument conflicts not only with the plain language of § 1252 but with the well-established principle that we require a particularly clear statement of intent from Congress before we find habeas review foreclosed." *Id.* at 712 (internal quotation omitted).[2]

Second, the Ninth Circuit placed special emphasis on the petitioner's claim of citizenship, citing to its decision in *Minasyan v. Gonzales*, where it had held that a claim of citizenship does not need to be administratively exhausted because "'[t]he executive may deport certain aliens but has no authority to deport citizens.  An assertion of U.S. citizenship is thus a denial of an essential jurisdiction fact in a deportation proceeding.'"  401 F.3d 1069, 1075 (9th Cir. 2005) (quoting *Rivera v. Ashcroft*, 394 F.3d 1129, 1136 (9th Cir. 2005)).  Thus, if exhaustion was required, "'it would be possible to unintentionally relinquish U.S. citizenship;'" however, "'[t]he Constitution does not permit American citizenship to be so easily shed.'"  *Id.* (quoting *Rivera*, 394 F.3d at 1136).  As applied in *Flores-Torres*, the Ninth Circuit held that the petitioner did "not have to wait until his removal proceedings are completed and a final removal order is issued before he can secure habeas review of his citizenship claim and of his contention that he may not be detained under the INA."  *Id.* at 713.

*Flores-Torres* is inapposite to the instant case.  First and foremost, *Flores-Torres* did not involve a final order of removal, taking the case entirely out of Section 1252(a)(5)'s purview as the statutory language states that a petition for review with the Court of Appeals is the "sole and exclusive means for judicial review of an *order of removal* . . . ." (emphasis added).  *Flores-Torres* involved a challenge to detention, not an order of removal.  By contrast, the validity of a

---

[2] Lopez-Velazquez cites to this portion of *Flores-Torres* to argue that "a detainee need not wait for the Court of Appeals to decide the validity of the removal order prior to testing the legality of his detention."  Opp. at 5-6.  However, Lopez-Velazquez's argument is too broad; *Flores-Torres*'s finding was based on the *lack* of a final removal order.  Thus, when the government attempted to expand Section 1252 to foreclose habeas review during the *pendency* of the removal proceedings, the Ninth Circuit found that such an interpretation would be too broad as Section 1252 was limited to challenges to the final removal order.  Absent a clear statement from Congress that Section 1252 was meant to foreclose habeas jurisdiction even during the pendency of the removal proceedings, the Ninth Circuit declined to expand Section 1252's scope.  *See Flores-Torres*, 548 F.3d at 711-12.

final order of removal is at issue here, as Lopez-Velazquez is arguing that the March 2000 order (which has been reinstated) is void. Habeas Pet. at ¶¶ 1-2; *compare with Morales-Izquierdo*, 600 F.3d at 1082 (finding that reinstatement order is an order of removal that can only be challenged in a petition for review filed with the court of appeals). Notably, in *Iasu v. Smith*, the petitioner challenged a final removal order in a habeas petition with the district court, claiming American citizenship. 511 F.3d 881, 884 (9th Cir. 2007). The district court dismissed the petition for lack of jurisdiction following the REAL ID Act. The Ninth Circuit affirmed, finding that "[a]fter the REAL ID Act . . . the district court plainly lacked habeas jurisdiction." *Id.* at 884, 888. Thus, district court review of even a citizenship claim is foreclosed by Section 1252(a)(5) when the challenge is to a final order of removal.

Second, Lopez-Velazquez essentially equates his res judicata argument to the citizenship claim, arguing that his res judicata defense "amount[s] to the denial of an essential jurisdictional fact" which "puts the propriety of the entire proceeding in doubt." Opp. at 9. However, a res judicata defense is not comparable to a jurisdictional defense such as American citizenship. American citizenship is generally not waivable; the Ninth Circuit has found that even when a petitioner has waived his administrative appeals, "we may still examine his nonfrivolous claim to citizenship" because "[r]esolving a disputed claim of citizenship is necessary to any deportation proceeding, because the government is not permitted to deport citizens, and a claim of citizenship is thus a denial of an essential jurisdictional fact." *Brown v. Holder*, 763 F.3d 1141, 1146-47 (9th Cir. 2014). By contrast, "[r]es judicata *is* a waivable defense." *Peterson v. Highland Music*, 140 F.3d 1313, 1321 (9th Cir. 1998) (citing Fed. R. Civ. P. 8(c)) (emphasis added). *See also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (noting that dismissal with prejudice of a later-filed action could bar an earlier-filed action, but that the issue was moot because the defendants never asserted a res judicata defense). *Bates v. Jones*, 131 F.3d 843, 863 fn.2 (9th Cir. 1997) ("This distinction maps onto the difference in the control that parties exercise over each doctrine: res judicata is a waivable defense, while infirmities to a court's subject-matter jurisdiction . . . are not"); *Clements v. Airport Auth.*, 69 F.3d 321, 328 (9th Cir. 1995) ("Claim preclusion is an affirmative defense which may be deemed waived if not raised in the pleadings").

1  Lopez-Velazquez's challenge here does not involve an essential jurisdictional fact.[3]

2  Taken together, the Court concludes that it lacks jurisdiction over Lopez-Velazquez's
3  habeas petition because the petition is a challenge to a final removal order, which Lopez-
4  Velazquez contends is void as a matter of res judicata.

C.    Suspension Clause

Lopez-Velazquez argues that even if the REAL ID Act applies, the REAL ID Act violates the Suspension Clause. Opp. at 15. The Suspension Clause states: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. 1, § 9, cl. 2. The Supreme Court has held that "[b]ecause of that Clause, some judicial intervention in deportation cases is unquestionably required by the Constitution." *INS v. St. Cyr*, 533 U.S. 289, 301 (2001) (internal quotation omitted). However, the Ninth Circuit has explained that such "[j]udicial intervention need not occur through a writ of habeas corpus . . . ." *M. Singh v. Mukasey*, 533 F.3d 1103, 1106 (9th Cir. 2008). Rather, "Congress may eliminate the writ without running afoul of the Suspension Clause so long as it provides a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention." *Id.* In order to serve as an adequate substitute, the remedy "must fulfill the traditional role of the writ, which is to give the petitioner a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law." *Id.* (internal quotations omitted).

The Ninth Circuit has generally found that the REAL ID Act does not violate the

---

[3] Lopez-Velazquez also appears to argue that his detention is improper because 8 U.S.C. § 1226(a) only authorizes the detention of a person who is an alien and a decision on the removal remains pending, and that here there is no pending decision because the ICE already obtained an enforceable order terminating removal proceedings. Docket No. 29 (TRO Reply) at 2. Prior to the Ninth Circuit's decision on the stay petition, there was authority to detain Lopez-Velazquez per Section 1226(a) because the Ninth Circuit's decision was pending and the Ninth Circuit had entered an automatic, temporary stay. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) ("Because Prieto-Romero filed a petition for review and our court entered a stay, his detention is governed by § 1226(a)"). Now that the Ninth Circuit has denied the motion to stay, Lopez-Velazquez can be held under 8 U.S.C. § 1231. *Id.* at 1060 ("when an alien files a petition for review of his removal order and we *decline* to grant a stay of removal, *see* § 1252(b)(3)(B), the removal period commences immediately, *see* § 1231(a)(1)(B)(ii), during which time the alien may be detained under § 1231(a)(2)").

10

1  Suspension Clause "because the new statutory scheme provides an 'adequate substitute' by
2  allowing judicial review of the final order of removal through the courts of appeals." *Iasu*, 511
3  F.3d at 888.  This comports with Congress's "explicit intent to give 'every alien one day in the
4  court of appeals, satisfying constitutional concerns.'" *Ramadan v. Gonzales*, 479 F.3d 646, 653
5  (9th Cir. 2007 (quoting H.R. Rep. No. 109-72, at 175).

6  Lopez-Velazquez makes two arguments why the REAL ID Act violates the Suspension
7  Clause.  Neither has merit.  First, he contends that the REAL ID Act is comparable to the Detainee
8  Treatment Act (DTA), which the Supreme Court in *Boumediene v. Bush* found failed to provide an
9  adequate substitute for the writ of habeas corpus.  Opp. at 16.  However, as explained in
10 *Boumediene*, the DTA was inadequate because its "jurisdictional grant is quite limited.  The Court
11 of Appeals has jurisdiction not to inquire into the legality of the detention generally but only to
12 assess whether the CSRT complied with the standards and procedures specified by the Secretary
13 of Defense and whether those standards and procedures are lawful."  553 U.S. 723, 777 (2008).
14 By contrast, the REAL ID Act does not limit the Court of Appeals to only looking at procedures; it
15 permits the Court of Appeals to look at the substance of the claim, namely whether the removal
16 order is valid.  Lopez-Velazquez is not prevented from raising the same res judicata claim in his
17 Petition for Review with the Ninth Circuit; he has in fact raised this exact argument with the Ninth
18 Circuit.  *See* Case No. 16-70231, Docket No. 1-3 (Petition for Review & Mot. for Stay of
19 Removal) at 3-5.  Thus, the REAL ID Act does not suffer the same deficiency as the DTA
20 regarding scope of review.

21 Second, Lopez-Velazquez argues that the REAL ID Act's procedure is defective because it
22 does not provide for fact-finding.  Opp. at 16-17.  The Ninth Circuit has already rejected a similar
23 argument in *Puri v. Gonzales*, where it concluded that the Suspension Clause is not violated by the
24 REAL ID Act "because the Suspension Clause does not demand an evidentiary hearing before an
25 Article III court in lieu of judicial review of the administrative proceeding.  The agency is the fact-
26 finding body and this court's review of the administrative proceeding is an adequate substitute for
27 district court habeas corpus jurisdiction."  464 F.3d 1038, 1042 (9th Cir. 2006).  Furthermore, in
28 *Morgan v. Gonzales*, the Ninth Circuit explained that while the Court of Appeal is unable to

provide an evidentiary hearing:

> we have resolved this problem by transferring the case to the district court for fact-finding under 28 U.S.C. § 2347(b)(3), "which authorizes such a transfer when an agency has not held a hearing before taking the complained-of action, and 'when a hearing is not required by law and a genuine issue of material fact is presented.'"

495 F.3d 1084, 1090 (9th Cir. 2007); *see also Morales-Izquierdo*, 600 F.3d at 1085 (finding that in "the exceptional case that will require further fact-finding to decide properly the questions of law raised on appeal . . . we are empowered by statute to transfer a petition for review to a district court for further development of the record") (citing 28 U.S.C. § 2347).  REAL ID Act does not violate the Suspension Clause in this case.[4]

///
///
///
///
///
///
///

---

[4] In the alternative, Respondents argue that the Court must dismiss the habeas petition because Lopez-Velazquez did not exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d) ("[a] court may review a final order of removal only if-- (1) the alien has exhausted all administrative remedies available to the alien as of right, and (2) another court has not decided the validity of the order"); *see also Sun v. Ashcroft*, 370 F.3d 932, 939 (9th Cir. 2004) ("§ 1252(d)(1) imposes a statutory exhaustion requirement on immigration habeas petitioners"). Lopez-Velazquez responds that he does not need to administratively exhaust his res judicata defense, citing *Bravo-Pedroza v. Gonzales*, 475 F.3d 1358 (9th Cir. 2007). Opp. at 13-15.  However, *Bravo-Pedroza* is silent as to whether res judicata must be exhausted.  By contrast, in *Singh-Bhathal v. INS*, the Ninth Circuit found that the petitioner could not bring his res judicata and public policy claims because they "were not raised before the BIA in any fashion and, therefore, may not be reviewed by this court." 170 F.3d 943, 947 (9th Cir. 1999).  Several other Courts of Appeal have also found in unpublished decisions that exhaustion applies to a res judicata claim in the immigration context.  *See Seales v. Holder*, 354 Fed. Appx. 875, 878 (5th Cir. 2009) (finding that the petitioner only properly exhausted three claims, including res judicata); *Pritchard v. INS*, 267 Fed. Appx. 6, 7 (2d Cir. 2008) (declining to consider the petitioner's res judicata claim because the petitioner failed to exhaust the issue before the agency); *Solorzano v. Holder*, 349 Fed. Appx. 286, 290 fn.3 (10th Cir. 2009) ("Petitioner's res judicata argument, as well as his waiver and ultra vires arguments, were not raised to the BIA. While petitioner is not required to exhaust constitutional arguments on appeal, the same is not true for legal arguments, such as these, which must be exhausted") (internal citations omitted).  Ultimately, because the Court finds that it lacks jurisdiction over this case, it need not decide Respondents' exhaustion argument.

## IV. CONCLUSION

The Court finds that per the REAL ID Act, this Court lacks jurisdiction over Lopez-Velazquez's habeas petition because it is ultimately a challenge to the validity of the March 17, 2000 Removal Order. The Court therefore **GRANTS** Respondents' motion to dismiss, and **DENIES** Lopez-Velazquez's motion for a TRO. However, the Court will extend the TRO entered on July 25, 2016 for **24 hours** from entry of this order, in order to allow Lopez-Velazquez an opportunity to petition the Ninth Circuit for a stay.

This order disposes of Docket Nos. 17 and 24.

**IT IS SO ORDERED**.

Dated: August 1, 2016

_____
EDWARD M. CHEN
United States District Judge

13